UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALEB MITCHELL ROGERS,<br><br>Defendant. | Case No. 2:22-cr-00064-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Rogers' Motion to Sever the Trials as to Each of the Separate Counts Alleged Against Him. ECF No. 48. The Court considered the Motion, the Response (ECF No. 52), and the Reply. ECF No. 55. For the reasons stated below, the Court denies Defendant's Motion.

**I.   Background and Argument**.

This case arises from a grand jury indictment of Defendant on three counts of Interference with Commerce by Robbery and one count of brandishing a firearm during and in relation to a crime of violence. The robberies at issue occurred on November 12, 2021, January 6, 2022, and February 7, 2022, at Red Rock, Aliante, and the Rio resort-casinos, respectively. Defendant is alleged to have used a gun only during the robbery at the Rio. The allegations in the three robbery counts are identical except for the date, the name of the entity robbed, and the amount taken. ECF No. 15. No facts are alleged other than what appears in the pleading of each count. *Id*.

   A.   <u>Defendant's Argument</u>.

Defendant contends the evidence the government will introduce at trial pertaining to each of the three robberies is likely to result in significant risk of prejudice to Defendant if he is tried in a single case. Defendant argues the government's successful prosecution of all three robberies will depend "on persuading a jury to rely on guilt by association" extrapolating facts associated with the robbery at the Rio "to unfairly conclude" Defendant "committed the two other[]" robberies. ECF No. 48 at 6. Contrary to the government's belief that the facts pleaded in the Complaint (now

1

superseded by the Indictment) support a single prosecution, Defendant says the facts and anticipated proof as to each robbery are "discretely different." *Id*. Defendant also says different vehicles were used in each of the three robberies, his ownership of a white Volkswagen Jetta is "hardly unique," and "a different suspect, Josiah Rogers (brother of Defendant …) owned an orange colored vehicle" similar to the vehicle used in the Red Rock robbery. *Id*. at 6-7.

Defendant submits close scrutiny of the robberies' pattern, on which the government is expected to rely, are "simply a litany of unremarkable similarities." *Id*.[1] Defendant distinguishes facts alleged regarding the Rio robbery (involving a leap over a counter, rough treatment of casino employees, and "pillaging of case drawers") from the other two robberies.[2] *Id*. Likewise, Defendant argues the government's description of the suspects features—an elongated nose—could "implicate large portions of the population."[3] *Id*.

Discussing the Rio robbery, which Defendant admits is the government's strongest case, Defendant says the proof is "drastically different" from the robberies at Red Rock and Aliante, which creates "egregious risk" Defendant will be denied a fair resolution if the cases are tried together. *Id*. at 7-8. Defendant believes the government will introduce his apprehension at the Rio as evidence of inviting the jury "to reach the conclusion that Defendant … has a propensity to engage in such conduct … thereby taint[ing] the jury's independent assessment of the evidence regarding the Red Rock and Aliante robberies." *Id*. at 8. Defendant contends the "quantum of evidence" regarding the Rio robbery is "fundamentally different than" the evidence the government will present with respect to the other two robberies. *Id*. These differences will also impact Defendant's "ability to testify to" the Red Rock and Aliante robberies, but not the Rio robbery. *Id*.

B.   The Government's Response.

The Response repeats an identical rendition of events as offered by the government in response to Defendant's Motion to Suppress (ECF No. 49) and Motion to Dismiss (ECF No. 50). That rendition is not repeated here. The government also repeats the investigation including

---

[1] The unremarkable similarities to which Defendant points include the robbery suspects all wore dark clothing, a full COVID masks, and approached the casino cages simulating presence of a gun.
[2] These facts are not alleged in the Indictment.
[3] This fact also does not appear in the Indictment.

2

interviews with Defendant's brother (Josiah Rogers) and former friend and coworker (Justin Jonsson). A discussion of these interviews is found in the Court's Recommendations at ECF Nos. 59 and 60.

After summarizing the law, which the Court does below, the government contends the Indictment properly joins the four criminal counts in one case because the counts "are of the same or similar character and constitute parts of a common scheme or plan." ECF No. 52 at 6. Getting to the meat of its argument on page 7 of 9, the government says Defendant's contention that he might testify in only two of the three robberies is insufficient to establish prejudice. *Id*. at 8. The government submits Defendant "has made no showing at all that he has important testimony to give on counts One and Two" pertaining to the Red Rock and Aliante robberies, but not Three and Four pertaining to the Rio robbery. *Id*. The government contends giving limiting instructions to the jury is sufficient as "[j]urors are presumed to follow the court's instructions." *Id*.

The government further says there is overwhelming evidence of Defendant's guilt on all three counts, which also militates against severance. *Id*. The overlapping evidence is described as surveillance video showing the suspect "wearing substantially similar clothing in all three robberies," the identification of Defendant by two witnesses, the identification by one witness of the jacket Defendant wore during the robberies, and the identification of the vehicles used in the robberies as those closely identified with Defendant. *Id*.

C.     Defendant's Reply.

Defendant says the government "discounts the testimonial dilemma Defendant … faces in addressing three separate and distinct days in his life while at the same time enjoying a meaningful exercise of his Fifth Amendment rights." ECF No. 55 at 2. Defendant says the jury will be confused by a joint trial as shown by the government's confusion regarding the amount of money stolen in each robbery, which the government misrepresents in their response. *Id*. Defendant also contends that absent the ability to present evidence regarding the Rio robbery, the government would be unable to prove Defendant's guilt as to the Red Rock and Aliante robberies. *Id* at 3. Defendant points to the distinction between what he calls "weak and compromised" evidence of witness identification of Defendant at the Red Rock and Aliante robberies in comparison to the events at the

Rio robbery at which the government says Defendant identified himself. *Id*. Defendant argues that under Federal Rules of Evidence 403 and 404 it is unclear what will be admissible if separate trials are held. *Id*.

In response to the government's argument that Defendant made no showing of important testimony he would give regarding the Red Rock and Aliante robberies (counts One and Two), Defendant says "it is axiomatic that when the central issue in a case is 'were you the guy who committed this robbery,' the [D]efendant's whereabouts is certainly 'important.'" *Id*. Finally, Defendant argues again that the Fifth Amendment "dictate[s] the wisdom of severance." *Id*. at 4.

**II.  Discussion**.

"Federal Rule of Criminal Procedure 8(a) allows for joinder of offenses against a single defendant if one of three conditions is satisfied: the offenses charged must be (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or constituting parts of a common scheme or plan." *U.S. v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (quoting Fed. R. Crim. P. 8(a)) (internal quote marks omitted). "Misjoinder of charges under Rule 8(a) is a question of law reviewed de novo." *Id. citing United States v. Terry,* 911 F.2d 272, 276 (9th Cir. 1990). Federal Rule of Criminal Procedure 14 allows the Court to "order separate trials of counts" at its discretion "[i]f the joinder of offenses … in an indictment … appears to prejudice defendant." *Id. citing* Fed. R. Crim. P. 14(a). "Because Rule 14 is available as a remedy for prejudice that may develop during trial, Rule 8 is broadly construed in favor of initial joinder. However, Rule 14 should not be viewed as a backstop or substitute for the initial analysis required under Rule 8." *United States v. Kincade*, Case No. 2:15-cr-00071-JAD-GWF, 2016 WL 6154901, at *2 (D. Nev. Oct. 21, 2016) *citing Jawara*, 474 F.3d at 573.

The consideration of whether joinder is proper "is determined solely by the allegation in the indictment." *Jawara*, 474 F.3d at 572 *citing Terry*, 911 F.2d at 276 (further internal citations omitted). The "basis for joinder should be discernable from the face of the indictment." *Kincade*, 2016 WL 6154901, at *2 *citing Jawara*, 474 F.2d at 572-73. "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and those conditions, although phrased in general

terms, are not infinitely elastic." *Jawara*, 474 F.2d at 573-74 *citing United States v. Randazzo*, 80 F.3d 623, 527 (1st Cir. 1996) (internal quote marks omitted; additional citations omitted).

The government contends the four counts in the Indictment are properly joined "because they are of the same or similar character and constitute parts of a common scheme or plan." ECF No. 52 at 6. Each of these contentions is discussed below.

A.  Common Scheme or Plan.

Offenses constitute a common scheme or plan justifying joinder when "counts grow out of related transactions." *Jawara*, 474 F.3d at 574. "Stated another way, we ask whether 'commission of one of the offenses [ ] either depended upon [ ] or necessarily led to the commission of the other'" or "'proof of the one act [ ] either constituted [ ] or depended upon proof of the other.'" *Id*. *quoting United States v. Halper*, 590 F.2d 422, 429 (2nd Cir. 1978) (brackets in original) (further citations omitted); *see also Kincade*, 2016 WL 6154901, at *2. The federal court in Nevada also found joinder appropriate under this Rule 8(a) prong "[w]hen the joined counts are logically related, and there is a large area of overlapping proof …." *Id. citing United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) (further citation omitted).

To determine whether the government demonstrates a common scheme or plan properly joining the four counts in the Indictment, the Court restricts its inquiry to the allegations in the four page Indictment. *Id*. "This requires the basis to be either readily apparent or reasonably inferred from the face of the indictment." *United States v. Uvari*, Case No. 2:18-cr-00253, 2022 WL 625156, at *3 (D. Nev. Mar. 3, 2022) *citing Jawara*, 474 F.3d at 578. The first three counts of the Indictment allege Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951. ECF No. 15. These three counts allege identical facts and law with the exception of the amount of money stolen, the date the robbery occurred, and the name of the casino at which the robbery occurred. *Id*. With respect to the third robbery at the Rio, the Indictment includes a fourth count alleging brandishing a firearm in the course of the robbery. *Id*. Unfortunately, the government makes no effort in the Indictment to connect the offenses through facts or circumstances demonstrating the commission of one robbery necessarily led to the commissioner of another or that there is a large area of overlapping proof. *Id*. The Indictment does not even allege the three robberies are part of a common plan or

scheme. *Id*. The government argues the conduct of the robber—allegedly Defendant—is said to be substantially similar at two of three robberies, but this fact is not included in the Indictment. *Compare* ECF Nos. 52 *and* 15, *generally*. Nor is the fact that the perpetrator was allegedly dressed similarly in the robberies. *Id*. There is no dispute that the vehicles used in the three robberies differed, and that Defendant was apprehended fleeing the Rio robbery with a gun he is alleged to have used in the course of that robbery, but not at the other two robberies. ECF No. 52 at 6.

The cases cited in *Jawara* find joinder proper when "common scheme or plan … typically involves a concrete connection between offenses that goes beyond mere thematic similarity." *Jawara*, 474 F.3d at 574-75 (cases cited therein). But, as was true in *Jawara*, there is no direct connection between the alleged robberies in the Indictment other than Defendant's alleged participation in the three events. ECF No. 15. *See also Kincade*, 2016 WL 6154901, at 4. Nothing suggests one robbery led to or was part of an overall plan to rob multiple casino-resorts; nor are there actual or inferential allegations demonstrating one robbery flowed from another. The temporal proximity (November 12 to February 27) is not "in and of itself a sufficient condition for joinder." *Id*. at 575 (internal citation omitted).

The Court finds the government fails to meet its burden of demonstrating a common scheme or plan tie the three robberies with which Defendant is charged, and the fourth count of brandishing a firearm, are properly joined under this prong of Rule 8(a).

B.      Same or Similar Character.

The government also relies on the "same or similar character" prong of Rule 8(a) to demonstrate proper joinder of the charges against Defendant. In *Jawara*, the Ninth Circuit discussed factors a district court may consider when analyzing whether multiple counts in a single indictment are properly joined. 474 F.3d at 577-58. Citing two First Circuit cases, the court identified "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes or operation, and the time frame in which the charged conduct occurred" as what might comprise a comprehensive review. *Id*. at 578 *citing United States v. Edgar,* 82 F.3d 499, 503 (1st Cir.1996) *quoting United States v. Taylor*, 54 F.3d 967, 972 (1st Cir. 1995).

There is no dispute that the first three counts in the Indictment are laid under the same statute, all four counts are alleged to be crimes that occurred in Clark County resort-casinos, and the three robberies (the first three counts) were of cash held at casino cages. The alleged criminal activity occurred over a short period of time—approximately three months from mid November 2021 to early February 2022—and Defendant identified himself following the third robbery at the Rio. Defendant's brother and former coworker identify Defendant as the perpetrator of the first and second robberies. In sum, the Court finds consideration of the factors identified in *Jawara* support joinder. While the entire scope of overlapping evidence is unknown, the Court finds undisputed evidence and evidence that may be reasonably inferred overlaps sufficiently to warrant joinder of the offenses alleged.

The government meets its burden of demonstrating the Indictment includes four counts of the "same or similar character" such that joinder is proper under this prong of Rule 8(a).

C.    Prejudice.

Federal Rule of Criminal Procedure 14 grants the Court discretion to order severance when joinder of offenses prejudices the defendant. Fed. R. Crim. P. 14(a). However, the prejudice must be of a magnitude that in the absence of severance the defendant will be denied a fair trial. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011). It is Defendant's obligation to demonstrate undue prejudice. *United States v.* Smith, 795 F.2d 841, 850 (9th Cir. 1986). Further, an order to sever is not necessarily required even if prejudice is shown because "the tailoring of the relief to be granted, if any," is, again, left "to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

Here, Defendant contends prejudice arises from the strength of the evidence associated with the Rio robbery upon which he says the government will depend to allegedly persuade a jury of Defendant's guilt by association of the Red Rock and Aliante robberies. This argument is not persuasive as demonstrated by the cases collected in *United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994).

> In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized. *United States v. Patterson,* 819 F.2d 1495, 1501 (9th Cir. 1987); *United States v. De Rosa,* 670 F.2d 889, 898 (9th Cir.), *cert. denied,* 459 U.S. 993 … (1982). Central to this determination is the trial judge's diligence in instructing the jury on the purpose of the various types of evidence. *See, e.g.,* [*United States v.*] *Cuozzo,* 962 F.2d [945, 950] (9th Cir.), *cert. denied,* 506 U.S. 978 … (1992); [*United States v.*] *Ford,* 632 F.2d [1354, 1374] (9th Cir.), *cert. denied,* 450 U.S. 934 …(1981) (refusal to sever upheld "[w]here the district judge has instructed the jury as to the admissibility of evidence and the appellants have failed to show an inability on the part of the jury to compartmentalize the evidence as it relates to each defendant"); *United States v. Rasheed,* 663 F.2d 843, 854-55 (9th Cir. 1981), *cert. denied,* 454 U.S. 1157 … (1982) (refusal to sever upheld even though evidence against codefendant was much stronger because judge gave proper cautionary instructions to jury and appellants failed to indicate how jury would be unable to compartmentalize the evidence)[;] … *United States v. Sampol,* 636 F.2d 621, 642–51 (D.C. Cir. 1980) (severance required where vast bulk of testimony was about codefendants' assassination charge, where testimony was gruesome, where no curative jury instructions were given, where confusion of charges and evidence was likely, and where defendant was not permitted to cross-examine some witnesses); *United States v. Donaway,* 447 F.2d 940, 943 (9th Cir. 1971) (severance required where government's case covered more than 2,300 pages of transcript, less than 50 of which were relevant to Donaway).

The district judge who will preside over Defendant's trial will, without doubt, carefully and properly give limiting instructions to the jury as to each count with which Defendant is tried. Defendant provides nothing that undermines this proposition or the proposition that a jury hearing Defendant's case will be incapable of following the judge's instructions, which juries are presumed to do. *Zafiro*, 506 U.S. at 540 (internal citation omitted).

Defendant also claims his ability to elect to testify regarding the Red Rock and Aliante robberies will be limited if joinder is granted. But, "[i]f a defendant seeks severance because he wishes to testify on some counts and not others, he must show that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed." *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983) (internal citation omitted). In sum, a general request, such as the one here—based on Defendant's presumed potential decision to testify as to his whereabouts on the dates of the Red Rock and Aliante robberies—is a request based on Defendant's right "to choose his strategic weapon[]"; that is, his right waive his Fifth Amendment right not to testify. *Id*. As stated in *Nolan*, "[e]very time a defendant decides whether to testify, he must weigh the possibility that the testimony he gives may later be used against him." *Id*. (Internal citation omitted.) Thus, "[i]n effect, … [Defendant] asks this court to allow him to choose his strategic

8

weapons without regard to the needs of the judicial system. His desire to preserve his options does not meet the … standard of a strong need to refrain from testifying." *Id*. (Internal citation omitted.)

Serious consideration must be given to judicial economy. Severance should be granted "only if there is a serious risk that" a single trial on multiple counts will compromise a specific trial right of the defendant "or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. Generally, "[l]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 at 539 (internal citations omitted).

The Court finds Defendant has not met his burden. Defendant fails to proffer evidence that allows the Court to conclude prejudice he may suffer is so great that severance is required. Defendant provides nothing upon which the Court can rely to warrant an exercise of discretion to order severance.

### III.   Order.

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendant Rogers' Motion to Sever (ECF No. 48) is DENIED.

Dated this 30th day of May, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE