UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:22-cr-00064-APG-EJY |
|---|---|
| Plaintiff | **Order Denying Motion for New Trial** |
| v. | [ECF No. 108] |
| CALEB MITCHELL ROGERS, | |
| Defendant | |

Caleb Rogers was convicted by a jury of three counts of interference with commerce by robbery and one count of brandishing a firearm during a robbery. ECF No. 102. He now moves for a new trial on all charges. ECF No. 108. But none of his arguments justifies a new trial, so I deny the motion.

**A. The legal standard for a new trial**

I can vacate Caleb's[1] convictions and "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is directed to the discretion of the district court, which should grant it only in an exceptional case in which the evidence weighs heavily against the verdict." *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985) (citation omitted). "The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation omitted).

////

////

---

[1] I refer to Caleb Rogers by his first name to avoid confusion with the many references below to his brother Josiah Rogers.

**B. None of Caleb's bases for a new trial satisfies the legal standard.**

**1. The conviction on count 1 was not against the weight of the evidence.**

Caleb first contends that his conviction for the Red Rock Casino robbery was against the weight of the evidence. ECF No. 108 at 3-4. He argues "the Government's proof was entirely dependent on the testimony of Josiah Rogers[,] . . . a witness suffering from [several] flaws and weaknesses . . . ." *Id.* at 3. But the Government presented additional witnesses and evidence tying Caleb to this robbery, including Caleb's close friend and former police partner Officer Jonsson, who identified Caleb in the surveillance pictures; and video and photographic images of the robbery, approach, getaway, and the vehicle that was used that resembled Josiah's truck. The witnesses, including Josiah, were credible and the evidence was sufficient. Either the jury found Josiah's testimony credible, or it found that enough other evidence supported the conviction. The conviction was not against the weight of the evidence.

**2. The convictions on counts 1 and 2 did not violate Caleb's due process rights.**

Second, Caleb contends his convictions for robbing the Red Rock and the Aliante casinos were based on "reckless government conduct which violated his rights to due process." ECF No. 108 at 4-5. Specifically, he argues the Government should not have relied on the testimony of Josiah because Josiah owned and later disposed of the truck used in the Red Rock robbery, helped plan and participated in that robbery, kept $30,000 from that robbery, initially lied to FBI officers, and yet was granted immunity to testify. *Id*. As set forth above, the Government presented sufficient additional evidence to support the Red Rock Casino robbery conviction. As for the Aliante Casino robbery, the Government likewise presented several witnesses and substantial evidence implicating Caleb, including images of a getaway car that matched his car; video and photographic images of the robbery, approach, and getaway; and testimony from

Officer Jonsson, who identified Caleb and his car from surveillance images. The Government's decision to grant Josiah immunity and present his testimony during trial did not violate Caleb's due process rights. Despite Caleb's counsel's strong efforts to discredit and impeach Josiah, I found Josiah generally credible. And there was sufficient evidence to support Caleb's convictions on these counts. *See United States v. Rodrigues*, 696 F. App'x 785, 788 (9th Cir. 2017) ("The district court permissibly concluded that Porter, the government's primary witness, was credible, and substantial evidence in the record other than Porter's testimony supports the jury's finding that Rodrigues had the required knowledge and criminal intent.").

### 3.  The denial of Caleb's motion for severance did not violate his rights.

Caleb next contends that the prior denial of his motion for severance resulted in "manifest prejudice to [his] right to a fair trial." ECF No. 108 at 5. The Government began its trial presentation with the Rio Casino robbery, where Caleb was tackled while fleeing the scene. According to Caleb, the Government then used the strength of that evidence to taint the jury's consideration of the weaker evidence against Caleb for the Red Rock and Aliante casinos robberies. Had separate trials been conducted for each robbery, he claims, he would not have been convicted of the Rio and Aliante robberies. And, he would have been able "to offer his important, potentially exonerating testimony [about the Red Rock and Aliante casino robberies] untainted by the unrelated Rio evidence." *Id.* at 7.

Magistrate Judge Youchah denied Caleb's earlier motion to sever, and I upheld her decision on appeal. *See* ECF Nos. 64, 76. The Government's presentation at trial does not convince me that decision was wrong. The jury was instructed that it must decide each count separately, and that its verdict on one count should not control its verdict on any other count. ECF No. 99 at 13. Other than his naked allegations, Rogers has never demonstrated that he had

3

"important, potentially exonerating testimony" to offer about the Red Rock and Aliante casinos robberies.

> Appellant's argument that he wished to testify only about two of the robberies and not about the third and that failure to sever prevented this is without merit. No need for severance on self-incrimination grounds exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.

*United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980) (simplified). Caleb's rights to a fair trial and due process were not denied, and the interest of justice does not dictate a new trial on this ground.

### 4. Caleb was not entitled to a jury instruction on attempted robbery.

Finally, Caleb contends I erred by not instructing the jury to consider the lesser included offense of attempted robbery for the Rio Casino robbery charged in count 3. ECF No. 108 at 7-8.

> A defendant is entitled to an instruction on a lesser-included offense if the law and evidence satisfy a two-part test: 1) the elements of the lesser offense are a subset of the elements of the charged offense, . . . and 2) the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit [him] of the greater.

*United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (simplified). The Government points out that the Second Circuit has held that "attempt is a lesser included offense within the Hobbs Act crime of robbery." ECF No. 111 at 9 (quoting *United States v. Gregory*, 234 F.3d 1263, 2000 WL 1644071, at *2 (2d Cir. Nov. 1, 2000). But neither side points to any Ninth Circuit authority so holding. Regardless, the evidence presented at trial overwhelmingly shows that the jury rationally could not convict Caleb of attempted robbery and acquit him of Hobbs Act robbery.

The jury was instructed on the elements of Hobbs Act robbery. ECF No. 99 at 14. The Ninth Circuit model jury instruction for attempted Hobbs Act robbery includes the four elements

4

for actual Hobbs Act robbery (substituting "attempted" or "would have" to some of the elements) and adds a fifth element: "the defendant did something that was a substantial step toward committing the crime." *See* Ninth Cir. Model Crim. Jury Instr. No. 9.8, found at https://www.ce9.uscourts.gov/jury-instructions/node/940 (last visited 9/20/23); *see also* ECF No. 78 at 6 (Caleb's proposed jury instruction no. 4 for attempted Hobbs Act robbery).

The jury could not have convicted Caleb of attempted robbery but not actual robbery. "An offense is committed when it is completed, meaning when each element has occurred." *United States v. Crary*, No. CR 13-35-M-DLC, 2013 WL 6054607, at *1 (D. Mont. Nov. 15, 2013) (citing *U.S. v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999)).[2] The Government's evidence satisfied each of the Hobbs Act robbery elements. Even though Caleb was tackled and arrested in the parking lot of the casino, he still completed, and thus committed, the robbery. Based on the evidence, the jury could not rationally have found Caleb guilty of attempt but not guilty of robbery. Thus, he was not entitled to a jury instruction on attempted robbery. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 832–33 (9th Cir. 2009) ("[A] district court does not abuse its discretion in refusing to give a lesser-included offense instruction if the jury could not have convicted the defendant of the lesser-included offense without finding the element(s) that would convert the lesser offense to the greater.") (citing *United States v. Torres–Flores*, 502 F.3d 885, 888 (9th Cir. 2007)). My refusal to give the lesser-included offense instruction does not dictate a new trial.

---

[2] *See also United States v. Ramirez-Nunez*, No. EDCR 15-18 JGB, 2017 WL 11582499, at *2 (C.D. Cal. Sept. 1, 2017), *aff'd in part, vacated in part, remanded*, 765 F. App'x 313 (9th Cir. 2019) ("Generally, a criminal offense is 'committed' when each element of the offense has occurred."); *United States v. Centeno*, 793 F.3d 378, 390 (3d Cir. 2015) ("An offense is completed 'when each element of the offense has occurred.'") (quoting *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999)).

5

### C. Conclusion

This is not an exceptional case in which the evidence weighs heavily against the verdict. Nor does the interest of justice require a new trial.

I THEREFORE ORDER that Caleb Rogers's motion for new trial **(ECF No. 108) is denied.**

DATED this day of September, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE