UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>CALEB MITCHELL ROGERS,<br><br>    Defendant | Case No.: 2:22-cr-00064-APG-EJY<br><br>**Order Denying Motion for Acquittal**<br><br>[ECF No. 107] |

Caleb Rogers was convicted by a jury of three counts of interference with commerce by robbery and one count of brandishing a firearm during a robbery. ECF No. 102. He now moves for a judgment of acquittal as to the robbery of the Rio Casino and related gun charge. ECF No. 107. Rogers argues there was insufficient evidence presented to prove that his actions in connection with that robbery affected interstate commerce. And because he could not be convicted of that robbery, he could not be convicted of the related gun charge.

With regard to the interstate commerce element of the robbery charge, the jury was instructed as follows:

> To convict Mr. Rogers of robbery as charged in Counts One through Three of the indictment, the government must prove that Mr. Rogers' conduct *affected or could have affected interstate commerce*.
>
> Conduct affects interstate commerce if it in any way involves, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states or between the United States and a foreign country. *The effect can be minimal*.
>
> It is not necessary for the government to prove that the defendant knew or intended that his conduct would affect commerce; it must prove only that the natural consequences of his conduct affected commerce in some way. *Also, you do not have to find that there was an actual effect on commerce. The government must show only that the natural result of the offense would be to cause an effect on interstate commerce to any degree, however minimal or slight.*

ECF No. 99 at 15 (emphasis added).  The Government presented sufficient evidence to establish this element.  "The evidence is sufficient to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Milwitt*, 475 F.3d 1150, 1154 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Rio Casino employees testified that many of their customers come from out of state and place cash bets; because of the robbery, the sportsbook was shut down for several hours, so it could not accept or pay out bets; and the stolen cash, although eventually returned, was removed from circulation and use for several hours.  Thus, the natural result of Rogers' actions was to prevent the Rio Casino from accepting or paying bets from out-of-state customers and from using the stolen cash to do so.  The Ninth Circuit "has intimated that it is sufficient for the government to prove a *de minimis*, probable effect on interstate commerce, so long as it is not purely speculative." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 986 (9th Cir. 2020).  The Government met that burden here.  And because the elements of the robbery count were established, the conviction on the related gun charge was proper.

I THEREFORE ORDER that Rogers's motion for judgment of acquittal **(ECF No. 107) is denied.**

DATED this 21st day of September, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE