BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.
Nevada Bar No. 3568
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Telephone (702) 382-7300

Attorney for Defendant
  CALEB MITCHELL ROGERS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>CALEB MITCHELL ROGERS,<br><br>            Defendant. | Case No.: 2:22-cr-00064-APG-EJY<br><br>**DEFENDANT CALEB ROGERS'**<br>**SENTENCING MEMORANDUM** |

　　　IT IS HEREBY CERTIFIED that this Sentencing Memorandum is timely filed, in advance of the scheduled sentencing date for Defendant CALEB MITCHELL ROGERS.

　　　Defendant CALEB MITCHELL ROGERS, respectfully submits this Sentencing Memorandum to explain his position with respect to the imposition of an appropriate sentence in the present case, and to advise the Court of matters relevant to that decision. The Memorandum is contemplated and permitted by Rules 32(h), and 32(i)(2) and (4) of the Federal Rules of Criminal Procedure, as well as by the provisions of Title 18, United States Code, Section 3553.

/ / /

/ / /

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## RELEVANT PROCEDURAL BACKGROUND OF THE CASE

On July 14, 2023, following four (4) days of trial proceedings, the jury empaneled in the present case returned its verdict with respect to the four offenses alleged against Defendant ROGERS in the Indictment. He was found guilty of all four offenses (three violations of Title 18, United States Code, Section 1951, and a related violation of Title 18, United States Code Section 924(c), and sentencing was scheduled for October 12, 2023.

On September 1, 2023, United States Probation Officer Erica Strome completed and served upon counsel for the parties the Presentence Investigation Report. On September 15, 2023 Ms. Strome served her Addendum to the Presentence Investigation Report, which contained revisions to the conditions and procedures which she recommended regarding any period of supervised release to which Defendant ROGERS might be sentenced.

Also on September 15, 2023, Defendant ROGERS served upon counsel for the United States of America (hereinafter "the Government") and U.S. Probation Officer Strome his Objections to Presentence Investigation Report. On that same date, Defendant ROGERS' Objections were filed with the Court, under seal. Counsel for the Government informed Ms. Strome, again on September 15, 2023, that the Government had no objections or proposed revisions to her Report.

On September 21, 2023, the Court entered its Minute Order resetting the sentencing hearing to October 17, 2023. Also on September 21, 2023, the Court entered its Orders denying Defendant ROGERS' Motion for New Trial and his Motion for Acquittal. Consequently, all post-trial motions have been resolved and there is no obstacle to proceeding with Defendant ROGERS' sentencing, completely in accordance with his desire for a speedy disposition of the present case.

On October 6, 2023 U.S. Probation Officer Strome provided her Amended Pre-Sentence Investigation Report. Her responses with respect to Defendant ROGERS' Objections are

addressed in the Report, and Defendant ROGERS' Objections are now ripe for consideration by the Court at the sentencing hearing.

## II.
## THE RELEVANT LEGAL AUTHORITY AS TO SENTENCING ISSUES PRESENTED IN THE PRESENT CASE

The Court's task and obligation in the present case is weighty, but straightforward: to determine and impose a "substantively reasonable sentence that is sufficient, but not greater than necessary" to accomplish the sentencing goals mandated by Title 18, United States Code, Section 3553 (a)(2). United States v. Crowe, 563 F.3d. 969, 977 (9th Cir., 2009). United States v. Vasquez-Landaver, 527 F.3d. 798 (9th Cir., 2008). The slavish adherence to the U.S. Sentencing Guidelines that characterized the years between 1989 and 2004 is no longer necessarily the touchstone for sentencing fairness. Nonetheless, those Guidelines remain a valuable benchmark in deciding upon a just sentence. While the Court is required to calculate the applicable Sentencing Guidelines range and to take it into account in determining the proper sentence, that range is only one of several factors to be considered, and one which must be "given (no) more or less weight than any other . . ." United States v. Dallman, 533 F.3d. 755, 761 (9th Cir., 2008). The sentencing Court may not presume that a sentence within the Guidelines range is "reasonable", but must instead evaluate all of the statutory factors and consider them in the sentencing decision. United States v. Carty, 520 F.3d. 984, 991 (9th Cir., 2008).

The factors properly to be considered by a sentencing Court are set forth in Title 18, United States Code, Section 3553(a), and include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of available sentences; (4) the sentencing range and kinds of sentences established by the U.S. Sentencing Guidelines; (5) the pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid sentencing disparities between defendants who have similar criminal records and have been convicted of similar conduct; and (7) the necessity of providing restitution to victims. United States v. Dallman, 533 F.3d. 755, 761 (Note 3) (9th Cir., 2008). The Court's application of these factors must be done

"parsimoniously", so as to arrive at a sentence which is "sufficient, but not greater than necessary, to comply with the purposes of punishment."  United States v. Barsumyan, 517 F.3d. 1154, 1157-58 (9th Cir., 2008).

While the Court is still required to calculate the sentencing range which the proper application of the U.S. Sentencing Guidelines mandates, its decision to impose a sentence outside that range will be reviewed to determine that decision's "reasonableness", just as would be a decision to pick a sentence which falls within the range.  United States v. Mohammed, 459 F.3d. 979, 986 (9th Cir., 2006).  The need to heavily justify a "departure" below that range is no longer paramount.  The prior regime of evaluating upward or downward "departures" under the Guidelines is now effectively replaced by the requirement that the Court's sentence be "reasonable".  United States v. Crowe, 563 F.3d. 969, 977 (9th Cir., 2009).

Factors which would not have justified downward departures from a calculated Sentencing Guidelines range in the past, may now be acceptable grounds for a downward variance from that range.  For instance, the Court's finding that a defendant was sincerely remorseful for his conduct can reasonably support a decision to impose a probationary sentence, rather than a Guidelines range sentence of incarceration.  United States v. Edwards, 595 F.3d 1006, 1015-16 (9th Cir. 2010).  Family circumstances, a factor which the mandatory Sentencing Guidelines jurisprudence discouraged as a basis for downward departures, are in the advisory Guidelines era a legitimate criteria for a reasonable decision to sentence below Guidelines range, a reasonable "variance" from that range of sentences.  See, United States v. Menyweather, 431 F.3d 692 (9th Cir. 2005).

As broad as the Court's discretion is as to the decision to vary upwards or downward with respect to the Sentencing Guidelines range, the Court must justify its decision with sufficient reasons to support an extraordinary variance.  United States v. Valdes, 500 F.3d 1291, 1292 (11th Cir. 2007).  And imposition of a sentence far outside the Sentencing Guidelines range requires extraordinary circumstances, and should not be based on factors already taken into consideration when calculating the Sentencing Guidelines range.  United States v. McVay, 447 F.3d 1348, 1357 (11th Cir. 2006).

### III.

### DEFENDANT ROGERS' PENDING UNRESOLVED OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

As noted earlier herein, Defendant ROGERS served and filed under seal his Objections to the Presentence Investigation Report on September 15, 2023, in keeping with the wise practices of the Court designed to enhance the confidentiality of matters surrounding the presentence investigation process. While at least one of his Objections was positively noted and remedied by U.S. Probation Officer Strome, the overwhelming number of them were not remedied in the Amended Presentence Investigation Report and remain for resolution by the Court, most efficiently at the upcoming sentencing hearing on October 17, 2023.

In light of the ofttimes sensational and sometimes inaccurate press coverage of the contents of pretrial filings, Defendant ROGERS will not elaborate on the issues to be resolved through this publicly available filing. Nonetheless, aside from the unjustified enhancements to the offense level contained in the Report, suffice it to say that Defendant ROGERS objects to numerous factual representations that are drawn from the investigating officers' reports, rather than the testimony and evidence at trial. This unnecessarily resulted in a portrayal of the charged offenses which was far more negative than the actual proven conduct on Defendant ROGERS' part. His position as to the Objections will be further addressed at the October 17 hearing.

### IV.

### DEFENDANT ROGERS' IS ENTITLED TO A SIGNIFICANT VARIANCE IN HIS OFFENSE LEVEL DUE TO THE MITIGATING EFFECTS OF THE PROPER EVALUATION OF THE FACTORS PRESCRIBED BY TITLE 18, UNITED STATES CODE SECTION 3553

It is well-established that every convicted person is to be considered as an individual at the time of sentencing, and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue". Gall v. United States, 552 U.S. 38, 52, 128 S.Ct. 586, 595, 169 L.Ed. 2d 445 (2007). (Quoting and citing Koon v. United States, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed. 2d 392 (1996)). The Court must determine a punishment that "fits the offender and not merely the crime". Pepper v. United States, 562

U.S. 476, 487-88, 131 S.Ct. 1229, 1240, 179 L.Ed. 2d 196(2011).  Hobbs Act offenses, with the oftimes deterministic and draconian statutory sentencing framework, are especially problematic when it comes to fairly sentencing a person rather than a stereotype.  The factors set forth in Title 18, United States Code, Section 3553 refocus the inquiry toward an individualized assessment.

Title 18, United States Code, Section 3553 requires the Court to consider the "need" for the sentence and the type of sentence available.  While a probationary sentence is clearly not permitted in the present case for statutory reasons as reflected in the Presentence Investigation Report, the recommendations from both the U.S. Probation officer and the Government for a lengthy custodial sentence are unwarranted.

An individualized assessment of the proper sentence for Defendant ROGERS must take into account the massive inconsistency between the conduct exhibited in relation to the offenses charged, and the admirable character and orientation toward public service which have characterized Defendant ROGERS' life up to the time of his arrest.  Evidenced by written statements from his family members and friends (to be submitted under seal prior to the sentencing hearing, once again to prevent their premature and inaccurate inclusion in prehearing media coverage), Defendant ROGERS conducted a life that benefitted countless people and demonstrated a positive appreciation for the importance of serving others.  While many of his peers chose career paths and lifestyles that served only themselves, Defendant ROGERS opted for service in one of the most dangerous professions dedicated to protecting our society.  While the Government and U.S. Probation Office ironically wish to punish him <u>more</u> severely because of his public service as a police officer, in a humane rational world that service justifies a significant downward departure, as will be further addressed at the sentencing hearing.

## V.
## **CONCLUSION**

For the reasons set forth herein, Defendant ROGERS deserves a relatively lenient sentence below the custodial range resulting from the U.S. Sentencing Guidelines calculations made by the U.S. Probation Office.

DATED this 12th day of October, 2023.

                                          BOIES SCHILLER FLEXNER LLP

                                          By: /s/ Richard J. Pocker
                                                 RICHARD J. POCKER, ESQ.
                                                 Nevada Bar No. 3568
                                                 300 S. Fourth St., Suite 800
                                                 Las Vegas, Nevada 89101
                                                 Counsel for Caleb Mitchell Rogers

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of October, 2023, service of Defendant Caleb Rogers' Sentencing Memorandum was effected via the United States District Court e-filing system on all of the parties that have entered their appearances in this case as well as served on:

Erica Strome, U.S. Probation Officer, District of Nevada
Via email to: erica_strome@nvp.uscourts.gov

　　　　　　　　　　　　　　　　　　/s/ Richard J. Pocker
　　　　　　　　　　　　　　　　　　An employee of Boies Schiller Flexner LLP